■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BECKETT, Appellant. [650 NYS2d 1000] —Appeal by the defendant from three judgments of the Supreme Court, Queens County (O'Dwyer, J.), all rendered August 23, 1994, convicting him of reckless endangerment in the first degree under Indictment No. 1276/93, grand larceny in the fourth degree under Indictment No. 2551/93, and criminal contempt in the second degree under Indictment No. 4039/93, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus mo-

tion which was to suppress a statement made by him to law enforcement authorities.

Ordered that the judgments are affirmed.

The defendant claims that the court improperly denied suppression of a statement made by him to the police. The issue of whether a suspect is in custody is generally a question of fact *(People v Centano,* 76 NY2d 837), and the standard to be applied is whether a reasonable person, innocent of any crime, would have believed that he was in police custody *(People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Weighing the relevant factors present in the instant case *(see, People v Macklin,* 202 AD2d 445, 446; *People v Bailey,* 140 AD2d 356, 358), the hearing court properly determined that the defendant was not in custody when he made the statement sought to be suppressed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence *(see,* CPL 460.15 [5]).

The defendant's sentences were not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.